

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2006

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4010

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Chen v. Atty Gen USA" (2006). 2006 Decisions. Paper 295.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/295

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.: 05-4010

ALBERTO R. GONZALES, UNITED STATES
ATTORNEY GENERAL,
                                        Respondent
                      v.

CAI DI CHEN,
                                        Petitioner

On Petition for Review of a Decision of the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
(BIA No.: A95-874-285)


Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2006

Before: McKEE, AMBRO, and NYGAARD, *Circuit Judges*

(Filed:  October 26, 2006)

OPINION

McKEE, *Circuit Judge*

Cai D. Chen asks us to  review the decision of the Board of Immigration Appeals

affirming the Immigration Judge's dismissal of Chen's application for asylum because it

was untimely.[1]   For the reasons that follow, we will dismiss the petition.[2]

_____

[1] The BIA also affirmed the IJ's denial of Chen's request for withholding of removal and relief under Article III of the Convention Against Torture ("CAT").  However, Chen has only raised the denial of asylum in his petition for review.  Therefore, we need not address the BIA's

1

## I.

Our review is limited to final orders of the BIA. *Abdulai v. Ashcroft*, 239 F.3d 542 (3d Cir. 2001). However, "[w]hen the BIA defers to an IJ, [we] must . . . review the IJ's decision." *Id.* at 549 n.2. Here, the BIA simply adopted the decision of the IJ on the issue of the timeliness of Chen's asylum application. Accordingly, it is the IJ's decision that is before us.

Chen admits that he has the burden of establishing by clear and convincing evidence that his application for asylum "ha[d] been filed within one year after the date of [his] arrival in the United States." 8 U.S.C. §1158(a)(2)(B) (2005). The IJ concluded that Chen failed to meet this burden because he could not establish the date of his arrival with any precision, he could not chronicle events that would establish when he arrived, and he offered no documentary evidence to pinpoint the date of his arrival.

Chen acknowledges, as he must, that 8 U.S.C. §1158(a)(3) strips us of jurisdiction to review the ruling that his asylum application was untimely. S*ee Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003) (recognizing that §1158(a)(3) divests courts of appeals jurisdiction to review whether an application for asylum was filed within the one-year deadline). Nonetheless, Chen argues that the REAL ID Act of 2005 (the "REAL ID Act"), Pub. L. No. 109-13, 119 Stat. 302 (2005), overrides the jurisdiction-stripping effect

other rulings.

[2] Since we are writing primarily for the parties, we need not set forth the full factual and procedural background on this appeal.

of §1158(a)(3), and permits us to review the IJ's determination that his asylum application was untimely.

Chen directs us to the section of the REAL ID Act that states:

> Nothing in subparagraph (B) or ©), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D) (2005). Chen asserts that the IJ's conclusion that his asylum application was untimely raises three questions of law that are reviewable pursuant to this provision of the REAL ID Act. First, Chen posits that the IJ committed legal error because he did not provide reasons to support his rejection of Chen's testimony. Second, he contends that the IJ applied an erroneous standard in assessing the evidence. Third, Chen argues that the IJ committed legal error in failing to consider a letter from Chen's wife, which was offered to establish the date of Chen's arrival.

Chen's attempt to ride the REAL ID Act around the jurisdictional limitations on our review of an IJ's asylum ruling is foreclosed by *Sukwanputra v. Gonzales*, 434 F.3d 627 (3d Cir. 2006). There, we held that "despite the changes to the REAL ID Act, factual or discretionary determinations . . . fall outside the jurisdiction of the court of appeals entertaining a petition for review." *Id*. at 634.

Although Chen attempts to claim that the IJ's ruling was an error of law, he is clearly attempting to challenge the IJ's factual conclusions. Accordingly, we must

3

dismiss Chen's petition for review for lack of jurisdiction.